**Vardan CHAKRYAN, Petitioner,**

v.

**Michael B. MUKASEY,\* Attorney General, Respondent.**

**No. 04–74428.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2007.\*\*

Filed Dec. 20, 2007.

Ahmed M. Abdallah, Esq., Hollywood, CA, for Petitioner.

---

\* Pursuant to Rule 43(c)(2) of the Federal Rules of Appellate Procedure, Michael B. Mukasey is substituted for Peter D. Keisler as respondent.

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Donald A. Couvillon, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, Nicholas J. Woychick, Esq., Office of the U.S. Attorney, Boise, ID, for Respondent.

Before: BOWMAN,\*\*\* BRUNETTI, and BYBEE, Circuit Judges.

MEMORANDUM \*\*\*\*

Vardan Chakryan, a native and citizen of Armenia, petitions for review of a decision of the Board of Immigration Appeals (BIA) summarily affirming the decision of an Immigration Judge (IJ) in which the IJ denied Chakryan's applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition for review.

The IJ rejected Chakryan's applications for asylum and withholding of removal after concluding that Chakryan's testimony was not credible. The IJ's adverse credibility finding was based not only on Chakryan's "demeanor, his rationality, [and] the

---

\*\*\* The Honorable Pasco M. Bowman, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

\*\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

internal consistency and the inherent persuasiveness of his testimony," but also on several discrepancies between Chakryan's testimony and the other evidence in the record. We review adverse credibility determinations for substantial evidence, giving " 'special deference' to a credibility determination that is based on demeanor." *Singh–Kaur v. INS,* 183 F.3d 1147, 1151 (9th Cir.1999). We will uphold an adverse credibility determination as long as the inconsistencies identified by the IJ go to "the heart of the asylum claim." *Chebchoub v. INS,* 257 F.3d 1038, 1043 (9th Cir.2001) (alteration omitted) (quoting *Ceballos–Castillo v. INS,* 904 F.2d 519, 520 (9th Cir.1990)).

Here, the IJ described in detail several discrepancies between Chakryan's testimony and the other evidence in the record, and the IJ noted various examples of the vagueness and inconsistency in Chakryan's testimony. The IJ's credibility findings went to key elements of Chakryan's claims for relief, including his membership in a persecuted group, the details of the alleged persecution, and the involvement of governmental actors in the alleged mistreatment. Substantial evidence in the record supports the IJ's negative assessment of Chakryan's credibility, and no reasonable fact-finder would be compelled to reach a contrary conclusion. *See INS v. Elias–Zacarias,* 502 U.S. 478, 484, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

In the absence of credible testimony supporting his claims for relief, Chakryan has failed to establish eligibility for either asylum or withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003). Because Chakryan's claim under the CAT is based on the same testimonial and documentary evidence that the IJ determined to be not credible in connection with his asylum and withholding claims, the IJ also properly denied Chakryan protection under the CAT. *See id.* at 1157.

PETITION FOR REVIEW DENIED.